UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

TEOTIMO CISNEROS

                        Plaintiff,                    Case No. **20-CV-04001**

-against-                                   **ANSWER**

SEA & SALT SEAFOOD CORP.,
AND SU YONG LEE

                        Defendants,
_____x

Defendants Sea & Salt Seafood Corp., d/b/a Sea & Salt Seafood Corp ("Corporate Defendant") and Su Yong Lee ("Defendant Lee") hereinafter collectively called the "Defendants" through their counsel, the Law Offices of Diane H. Lee, as and for their Answer to the above captioned action, state as follows:

1. Defendants deny the allegations set forth in Paragraph 1 of the Complaint, except to Admit that Plaintiff was a former employee of Corporate Defendant.

2. Defendants deny the allegations set forth in Paragraph 2 of the Complaint, except to admit that Corporate Defendant operates a fish market located at the address and under the corporate name alleged in Paragraph 2 of the Complaint.

3. Defendants deny the allegations set forth in Paragraph 3 of the Complaint.

4. Defendants admit the allegations set forth in Paragraph 4 of the Complaint.

5. Defendants deny the allegations set forth in Paragraph 5 of the Complaint.

6. Defendants deny the allegations set forth in Paragraph 6 of the Complaint.

7. Defendants deny the allegations set forth in Paragraph 7 of the Complaint.

8. Defendants deny the allegations set forth in Paragraph 8 of the Complaint.

9. Defendants neither deny nor admit Paragraph 9 as it lacks allegations. To the extent that Paragraph 9 requires an answer, Defendants deny Paragraph 9 of the Complaint.

10. Defendants neither deny nor admit Paragraph 10 as it lacks allegations. To the extent that Paragraph 10 requires an answer, Defendants deny Paragraph 10 of the Complaint.

11. Defendants deny the allegations set forth in Paragraph 11 of the Complaint.

12. Defendants deny the allegations set forth in Paragraph 12 of the Complaint, except to admit that if the conduct that is the basis of the complaint allegedly took place in this district, and, if federal jurisdiction exists, venue is proper in this district.

13. Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 13 of the Complaint.

14. Defendants deny the allegations set forth in Paragraph 14 of the Complaint except to admit that Plaintiff was employed by the Corporate Defendant for a period of time.

15. Defendants neither deny nor admit deny Paragraph 15 of the Complaint and leave Plaintiff to his proof. To the extent that Paragraph 15 requires an answer, Defendants deny Paragraph 15 of the Complaint.

16. Defendants deny the allegations set forth in Paragraph 16 of the Complaint, except to admit that Corporate Defendant had ownership interest in the fish market.

17. Defendants admit the allegations set forth in Paragraph 17 of the Complaint.

18. Defendants deny the allegations set forth in Paragraph 18 of the Complaint.

19. Defendants deny the allegations set forth in Paragraph 19 of the Complaint except to admit that Corporate Defendant operated the fish market in question.

20. Defendants deny the allegations set forth in Paragraph 20 of the Complaint.

21. Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

22. Defendants deny the allegations set forth in Paragraph 22 of the Complaint.

23. Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24. Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

25. Defendants deny the allegations set forth in Paragraph 25 (a) through (h) of the Complaint.

26. Defendants deny the allegations set forth in Paragraph 26 of the Complaint.

27. Defendants admit the allegations set forth in Paragraph 27 of the Complaint.

28. Defendants admit the allegations set forth in Paragraph 28 of the Complaint.

29. Defendants admit the allegations set forth in Paragraph 29 of the Complaint.

30. Defendants neither deny nor admit deny Paragraph 30 of the Complaint and leave Plaintiff to his proof. To the extent that Paragraph 30 requires an answer, Defendants deny Paragraph 30 of the Complaint

31. Defendants deny the allegations set forth in Paragraph 31of the Complaint except to admit that Plaintiff was employed by the Defendants.

32. Defendants deny the allegations set forth in Paragraph 32 of the Complaint except to admit that Plaintiff worked for the Corporate Defendant.

33. Defendants deny the allegations set forth in Paragraph 33 of the Complaint except to admit that Corporate Defendant received goods in excess of $500,000 annually which traveled interstate.

34. Defendants admit the allegations set forth in Paragraph 34 of the Complaint.

35. Defendants deny the allegations set forth in Paragraph 35 of the Complaint.

36. Defendants deny the allegations set forth in Paragraph 36 of the Complaint.

37. Defendants deny the allegations set forth in Paragraph 37 of the Complaint.

38. Defendants admit the allegations set forth in Paragraph 38 of the Complaint.

39. Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

40. Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41. Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

42. Defendants deny the allegations set forth in Paragraph 42 of the Complaint.

43. Defendants deny the allegations set forth in Paragraph 43 of the Complaint.

44. Defendants deny the allegations set forth in Paragraph 44 of the Complaint.

45. Defendants deny the allegations set forth in Paragraph 45 of the Complaint.

46. Defendants deny the allegations set forth in Paragraph 46 of the Complaint.

47. Defendants deny the allegations set forth in Paragraph 47 of the Complaint.

48. Defendants deny the allegations set forth in Paragraph 48 of the Complaint.

49. Defendants deny the allegations set forth in Paragraph 49 of the Complaint.

50. Defendants deny the allegations set forth in Paragraph 50 of the Complaint.

51. Defendants deny the allegations set forth in Paragraph 51 of the Complaint.

52. Defendants deny the allegations set forth in Paragraph 52 of the Complaint.

53. Defendants admit the allegations set forth in Paragraph 53 of the Complaint.

54. Defendants deny the allegations set forth in Paragraph 54 of the Complaint.

55. Defendants deny the allegations set forth in Paragraph 55 of the Complaint.

56. Defendants deny the allegations set forth in Paragraph 56 of the Complaint.

57. Defendants deny the allegations set forth in Paragraph 57 of the Complaint.

58. Defendants deny the allegations set forth in Paragraph 58 of the Complaint.

59. Defendants deny the allegations set forth in Paragraph 59 of the Complaint.

60. Defendants deny the allegations set forth in Paragraph 60 of Complaint.

61. Defendants admit the allegations set forth in Paragraph 61 of the Complaint.

62. Defendants deny the allegations set forth in Paragraph 62 of the Complaint.

63. Defendants deny the allegations set forth in paragraph 63 of the Complaint.

64. Defendants deny the allegations set forth in Paragraph 64 of the Complaint.

65. Defendants deny the allegations set forth in Paragraph 65 of the Complaint.

66. Defendants deny the allegations set forth in Paragraph 66 of the Complaint.

67. Defendants deny the allegations set forth in Paragraph 67 of the Complaint.

68. Defendants neither deny nor admit Paragraph 68 of the Complaint as it lacks allegations. To the extent that a response is required, Defendants deny Paragraph 68 of the Complaint.

69. Defendants deny the allegations set forth in Paragraph 69 of the Complaint.

70. Defendants deny the allegations set forth in Paragraph 70 of the Complaint.

71. Defendants repeat their responses from Paragraph 1 through 70 of the Complaint.

72. Defendants deny the allegations set forth in Paragraph 72 of the Complaint.

73. Defendants admit the allegations set forth in Paragraph 73 of the Complaint.

74. Defendants admit the allegations set forth in Paragraph 74 of the Complaint.

75. Defendants deny the allegations set forth in Paragraph 75 of the Complaint.

76. Defendants deny the allegations set forth in Paragraph 76 of the Complaint.

77. Defendants deny the allegations set forth in Paragraph 77 of the Complaint.

78. Defendants repeat their responses from Paragraph 1 through 77 of the Complaint.

79. Defendants deny the allegations set forth in Paragraph 79 of the Complaint.

80. Defendants deny the allegations set forth in Paragraph 80 of the Complaint.

81. Defendants deny the allegations set forth in Paragraph 81 of the Complaint.

82. Defendants repeat their responses from Paragraph 1 through 81 of the Complaint.

83. Defendants deny the allegations set forth in Paragraph 83 of the Complaint.

84. Defendants deny the allegations set forth in Paragraph 84 of the Complaint.

85. Defendants repeat their responses from Paragraph 1 through 84 of the Complaint.

86. Defendants deny the allegations set forth in Paragraph 86 of the Complaint.

87. Defendants deny the allegations set forth in Paragraph 87 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

88. Plaintiff was not an employee of the Defendants for the purposes of the Fair Labor Standards Act ("FLSA").

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

89. Plaintiff was not an employee of the Defendants for the purposes of the New York Labor Law ("NYLL").

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

90. Pursuant to 29 U.S.C. §260, the Court should not award liquidated damages for the alleged violations of the FLSA because the Defendants acted in good faith.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

91. Pursuant to New York Labor Law §663(1), the Court should not award liquidated damages for violation of the NYLL and applicable wage orders because the Defendants had a good faith basis to believe their payment of wages was in compliance with the law, and Defendants did not willfully violate the NYLL.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

92. Plaintiff's FLSA and NYLL claims were barred in part by the applicable statutes of limitations.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

93. Pursuant to the New York Labor Law §198, the Defendants are not liable to the Plaintiff for alleged violation of New York Labor Law because they made a complete and timely payment of wages to the Plaintiff pursuant to NYLL Articles 6, 19 and/or had a reasonable good faith belief that they were not required to provide such notice.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

94. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## AS AND FOR AN EIGHT AFFIRMATIVE DEFENSE

95. Individual Defendant Su Yong Lee was not an "employer" of Plaintiff within the meaning of FLSA and NYLL.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

96. The Plaintiff is not entitled to conditional or final certification or to Court-facilitated notice under 29 U.S.C §216(b) because Plaintiff is not similarly situated to potential opt-ins and Plaintiff cannot adequately represent the interests of the potential opt-ins.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

97. Plaintiff's claims are not proper for treatment as a class action because Plaintiff cannot satisfy the requirements of Rule 23.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

98. Plaintiff's attempt to pursue this case as a collective action or class action fails because an individual analysis of Plaintiff's claims and claims of each opt-in /class member and each Defendant's defenses is required.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

99. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, estoppel, waiver and/or other equitable defenses.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

100. Plaintiff's claims are barred or should be reduced, in whole or in part, by the credits, recoupment, or offsets permissible under the FLSA and the New York Labor Law.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

101. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiffs failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

102. Some or all of Plaintiff's claims and the claims of any potential opt-ins and/or putative class members are barred, in whole or in part, by exclusions, exceptions, or credits under the FLSA and/or NYLL.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

103. Plaintiff's claims and the claims of potential opt-ins and/or putative class members are barred, in whole or in part, to the extent that they violated practices and guidelines or worked in violations of direct order of his/their supervisors.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants pray this Court: (a) declines jurisdiction over all or some claims in this matter over some of the Defendants; (b) dismissed all claims with prejudice; (c) awards the Defendants their attorney's fees, costs and expenses as provided for by the applicable statutes; and (d) any other relief which this Court deems just and equitable.

Dated: New York, NY
August 4, 2020

Diane H. Lee [DL3170]
The Law Offices of Diane H. Lee
16 W. 32nd Street Suite 305
New York, NY 10001

158 Linwood Plaza Suite 308-310
Fort Lee, NJ 07024
Tel: (201) 363 0101 (201) 482 8798
Facsimile: (888) 908 3660
DLEE@DHLLAW.COM

## CERTIFICATE OF SERVICE

I, Diane H Lee, an attorney admitted to practice before this Court and a member in good standing of the bar of the State of New York, certify under penalties of perjury that I caused to be served the annexed Answer upon:

/s/
Diane H. Lee [DL3170]

TO: Michael Faillace & Associates, P.C.
    60 East 42nd Street Suite 4510
    New York, NY 10165
    Via Email: michael@faillacelaw.com
    Attorneys for Plaintiff on August    2020