# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510                          Telephone: (212) 317-1200
New York, New York 10165                                 Facsimile: (212) 317-1620
_____

cerrington@faillacelaw.com

October 5, 2021

**BY ECF**

Hon. Andrew L. Carter
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:     Cisneros et al v. Sea & Salt Seafood Corp. et al
        20-cv-4001

Your Honor:

This office represents Plaintiffs in the above-referenced matter.  Plaintiffs write to submit their views on why the agreed upon settlement in this matter is fair and reasonable.

The parties have agreed to a Settlement Agreement ("Agreement") after extensive settlement discussions, a mediation session with mediator Stephen Fearon, and a settlement conference with Magistrate Judge James L. Cott. A copy of the proposed Agreement is attached hereto as "Exhibit A."  We respectfully request the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015).

## 1.  Background

On or about May 22, 2020, Plaintiff commenced an action in the United States District Court for the Southern District of New York, under docket number 20-cv-4001 ("the Action").  In their Complaint, Plaintiffs alleged claims for, *inter alia*, unpaid minimum wages, unpaid overtime compensation, the failure to provide wage notices and accurate wage statements, and the recovery of equipment costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL").

Plaintiff was employed by Defendants at a Bronx fish market doing business under the name "Sea & Salt Seafood Corp." Plaintiffs alleges, *inter alia*, that Defendants maintained a policy and practice of requiring employees to work in excess of forty hours per week without paying them the proper overtime compensation required by federal and state laws.  Plaintiff alleges he was improperly paid a fixed weekly salary, resulting in him being unpaid at the appropriate overtime rate, as well as notice and recordkeeping violations.

*Certified as a minority-owned business in the State of New York*

Page 2

Defendants asserted that the Plaintiff was paid on an hourly basis and paid overtime compensation for the hours worked in excess of forty (40).  Although a time-tracking device (timeclock) was used, there were times when the Plaintiff was underpaid due to oversight, and inaccurate calculations.  Based on the payroll records, the Defendants kept, the underpayment was One Thousand Nine Hundred Twenty Dollars and Ninety-Seven Cents ($1,927.97).  Defendants included liquidated damages to the shortfall and a maximum penalty in the amount of Five Thousand Dollars ($5,000.00) for the Defendants' failure to provide a wage statement.  The Settlement amount also included the Plaintiff's attorney's fees, thereby making Plaintiff whole.

## 2.  Settlement Terms

The Plaintiff alleges that based on his recollections, he would be entitled to $52,989.50 in back wages.

The parties have agreed to settle this action for the total sum of $19,500.00. The settlement shall be paid in full within five months of approval.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

While Plaintiff stands by his claims, the Defendants have produced extensive records which would seriously complicate his case with regard to proving his hours worked and wages received, as well the actual method by which he was paid. Thus, taking into consideration the uncertainty of success and the extensive time that would be required to prove the key issues, the Plaintiff feels that settling for a lower sum is a satisfactory result.

### Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with their retainer agreement with Plaintiffs, Plaintiffs' counsel will receive $6,500.00 from the settlement fund as attorneys' fees and costs. This represents approximately one third of the recovery in this litigation (inclusive of costs) as well as a reduction in fees from what is identified in Plaintiffs' retainer agreements, which provide that forty percent of Plaintiffs' recovery will be retained by the firm plus costs.

Plaintiffs' counsel's lodestar in this case is $16,810.00.  A copy of Plaintiffs' billing record is attached as "Exhibit B."  The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit.  *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided

Page 3

Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiffs' counsel's significant experience in representing plaintiffs in wage and hour matters, Plaintiffs' counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

i. Michael Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). He taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by the Practicing Law Institute, and other employment law publications and presentations. Mr. Faillace's work is billed at the rate of $450.00 per hour, which is his standard billing rate for matters paid on an hourly basis.

ii. Clela A. Errington is an associate at Michael Faillace & Associates, P.C. She is a 2012 graduate of New York University School of Law. She began her career at a series of small law firms focusing on labor and employment law, followed by several years providing litigation support to large law firms. She returned to litigation in 2019, joining the Jones Law Firm, P.C., and joined Michael Faillace & Associates in 2020. Her work is billed at the rate of $350 per hour and indicated by the initials "CE."

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. Plaintiffs thank the Court for its time and consideration of this matter.

Respectfully submitted,

/s_____
Michael Faillace & Associates
Michael Faillace & Associates, P.C.
*Attorneys for Plaintiffs*

3760075.1

Page 4

cc:     All counsel via ECF
        *Attorneys for Defendants*

Attachments